# In the United States Court of Federal Claims

| | |
|---|---|
| SYED MK HASAN,<br><br>                         *Plaintiff,*<br><br>   v.<br><br>THE UNITED STATES,<br><br>                         *Defendant.* | No. 23-1820C<br><br>(Filed: April 30, 2024) |

Syed MK Hasan, Lowell, MA, pro se.

Alexander Brewer, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Granting the Government's Motion to Dismiss**

**SILFEN,** *Judge.*

      Syed MK Hasan, proceeding without an attorney, filed a complaint in this court seeking back pay and restoration of his pension. ECF No. 7. Dr. Hasan filed his complaint more than six years after he terminated his employment with the government. The court therefore lacks subject-matter jurisdiction over Dr. Hasan's back-pay claims because they are time barred. The court lacks jurisdiction over Dr. Hasan's claims relating to his government pension because Congress provided an exclusive avenue for review of those claims, through the Office of Personnel Management. This court therefore **grants** the government's motion to dismiss (ECF No. 10), under rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).

**I.    Background**

      Dr. Hasan states that he was "an active [Central Intelligence Agency (CIA)] officer from 1993-2003." ECF No. 7 at 3 (pagination from the ECF header). Dr. Hasan alleges that Khalil Khalilzad, a State Department employee responsible for background checks, harassed Dr. Hasan throughout his time at the CIA. ECF No. 7 at 3. Dr. Hasan states that Mr. Khalilzad "messed up [his] federa[l] pay and[] pension (FERS [Federal Employees' Retirement System])," which affected Dr. Hasan's back pay and retirement benefits. *Id.* Dr. Hasan did not address the issues with Mr. Khalilzad when he was an active CIA officer because "complaining would have jeopardized ongoing operations that arose." *Id.*

1

Dr. Hasan alleges that the government owes him $1,462,950.10 in back pay, interest, and money owed to his retirement account. ECF No. 7 at 3. He asks this court to "compel CIA [Office of the Inspector General (OIG)] and General Counsel to certify [his] backpay" and place his "Federal Employee Number back in the CIA personnel" system. ECF No. 7 at 4.

## II.  Discussion

The government moves to dismiss Dr. Hasan's complaint for lack of subject-matter jurisdiction. ECF No. 10; *see* RCFC 12(b)(1). The government argues that Dr. Hasan's claims are time barred, sound in tort, and are not brought under a money-mandating statute. ECF Nos. 10, 15. The government also argues that Dr. Hasan's claims regarding his retirement and pension benefits are subject to the Federal Employees' Retirement System (FERS) Act of 1986, and this court lacks jurisdiction over those claims because of the exclusive avenue of review provided by the FERS statute. ECF No. 10 at 7. Dr. Hasan responds that this court has jurisdiction because the statute of limitations does not apply; he is not alleging a tort claim; pay-mandating statutes 5 U.S.C. §§ 5504, 5505, 8410, and 8464 apply to his claim; and the failure to pay pension benefits is a violation of 5 U.S.C. § 8464. *See* ECF Nos. 14, 16.

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *See* 28 U.S.C. § 1491(a)(1); *see also Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides the court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

On a motion to dismiss for lack of jurisdiction under rule 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(b)(1), (h)(3); *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)). A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

This court holds the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). However, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523, 2020 WL 114521 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

### A. The statute of limitations bars Dr. Hasan's back-pay claims in this court

This court lacks jurisdiction to hear Dr. Hasan's back-pay claims because they are barred by the six-year statute of limitations. Dr. Hasan states (ECF No. 7 at 3), and the court accepts as true for the purposes of this motion, that he was employed at the CIA from 1993 to 2003.

Under the Tucker Act, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This includes claims for back pay by federal employees. *See, e.g.*, *Worthington v. United States*, 53 F. App'x 77 (Fed. Cir. 2002) (applying the Tucker Act's six-year statute of limitations to a former federal employee's claim for back pay); *Wilder v. United States*, 277 F. App'x 999, 1000 (Fed. Cir. 2008) (affirming dismissal of a former federal employee's claim under the Back Pay Act as time barred under the Tucker Act); *Mateega v. United States*, No. 22-634C, 2022 WL 14284521, at *1-2 (Fed. Cl. 2022) (A plaintiff alleged that he was "entitled to receive the wages of a civilian employee of the federal government hired at the GS-12 level," but the court dismissed his claims as untimely.). Thus, although Dr. Hasan argues that no statute of limitations applies to government employees seeking back pay (ECF No. 14 at 2; ECF No. 16 at 1), decisions from the Federal Circuit, which are binding on this court, say otherwise.

The Tucker Act's six-year statute of limitations is considered "jurisdictional," as it limits the government's waiver of sovereign immunity, and the court must consider the timeliness of a claim even if neither party raises it. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008). The statute of limitations is also not susceptible to equitable tolling. *Id.* at 136. Causes of action under the Tucker Act accrue as soon as "all events have occurred to fix the Government's alleged liability." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc); *see also Bowden v. United States*, 786 F. App'x 255, 258 (Fed. Cir. 2019).

In a back-pay case against the federal government, a claim accrues when an employee is put on notice that "he [has] a potential claim against the Government." *Worthington v. United States*, 53 F. App'x 77, 82 (Fed. Cir. 2002); *see also Welcker v. United States*, 752 F.2d 1577, 1581-82 (Fed. Cir. 1985) (holding that the plaintiff's "claim under the Tucker Act accrued at the time he became aware" of facts that were "enough to file suit").

Dr. Hasan should have filed his complaint by 2009 to meet this court's six-year jurisdictional requirement. Dr. Hasan states that his disagreements with Mr. Khalilzad arose during the period when Dr. Hasan was an active CIA officer, which was from 1993 until 2003. ECF No. 7 at 3. Dr. Hasan did not file a complaint during that time because "complaining would have jeopardized ongoing operations that arose." *Id.* Dr. Hasan also states that he previously requested a "very low amount" of compensation in "previous letters" because he "was not aware of certain rules … in terms of back pay and 35% hazard pay on top of regular salary." *Id.* He has since adjusted his requested relief to account for his understanding of those rules. *Id.*

Although Dr. Hasan argues that he was unaware of the rules governing his claim, he was aware of the events that affected his compensation and retirement benefits. By the time Dr. Hasan left the CIA, he "was or should have been aware" that "all the events which fix the government's alleged liability have occurred" as they are the same events he points to now—a lack of certain pay at the time. *Perez v. United States*, 141 Fed. Cl. 566, 579 (2019) (noting how the accrual period

began when the plaintiff should have been aware that she did not receive her pay). Dr. Hasan's back-pay claim accrued, at the latest, in 2003, when he last received a paycheck as an active CIA officer. *See Bowden v. United States*, 786 F. App'x 255, 258 (Fed. Cir. 2019) (noting that the plaintiff's "premium pay claim accrued, at the latest, on …the most recent date of non-payment alleged in her complaint"); *Wells v. United States*, 420 F. 3d 1343, 1345 (Fed. Cir. 2005). Any underpayment to Dr. Hasan as a government employee would have been an underpayment in one of his paychecks and would have been evident by the date of his last paycheck. Dr. Hasan filed his complaint in 2023, fourteen years after the limitations period ended. Therefore, this court lacks jurisdiction over Dr. Hasan's back-pay claims.

Dr. Hasan also argues that his claim regarding the government's failure to pay his pension accrued later than the end of his employment, as it instead accrued when the pension was supposed to be paid. ECF No. 14 at 2; ECF No. 16 at 3. He adds that the government should have begun paying his pension as required by 5 U.S.C § 8464, and its failure to do so constitutes a violation of the statute. ECF No. 16 at 3. Dr. Hasan states that "5 U.S.C. Section 8410 – detailing 5 years of employment required to qualify for pension" demonstrates that he qualifies for FERS benefits because he has "worked for the Central Intelligence Agency over 10 years, (10 years, 6 months) April 1993-October 2003." ECF No. 14 at 2.

The timeliness of Dr. Hasan's pension claim in this court depends on when he met, or will meet, the requisite age to receive retirement benefits. *See* 5 U.S.C. §§ 8412-13, 8464. In *Warren v. United States*, 4 Cl. Ct. 552, 555 (1984), *aff'd*, 746 F.2d 1489 (Fed. Cir. 1984), this court explained that a former federal employee's claim accrued when he "was discharged [from civil service] and was eligible to receive a retirement annuity." *See also Baker v. United States*, 614 F.2d 263, 271 (Ct. Cl. 1980) (holding that a plaintiff "can have no claim for annuity retirement credits until he has retired from government service"); *Brooks v. United States*, 70 Fed. Cl. 479, 484 (2006) (explaining that, at least for "military retired pay, a cause of action accrues on the date upon which plaintiff claims he became eligible for retired pay").

Dr. Hasan does not state how old he is or when he became eligible to receive FERS benefits. If he was eligible to receive FERS benefits at the age of 62, his claim might be timely as long as he was less than 68 years old when he filed this suit. But assuming the statute of limitations does not apply to Dr. Hasan's retirement-related claim, this court nevertheless lacks jurisdiction over it because Congress has established an exclusive remedy for FERS-related claims that does not include this court, discussed next.

      **B.**      **This court lacks jurisdiction to adjudicate Dr. Hasan's claims for a retirement annuity or pension because he must seek that remedy through the avenue of review provided by the Office of Personnel Management and the Merit Systems Protection Board**

Even if Dr. Hasan's claim for a pension and retirement benefits is timely, this court still cannot hear it. Dr. Hasan asks for his back-pay compensation to be placed into his federal retirement account. *See* ECF No. 7 at 5 ("I am owed 1.4 million USD, all of which should be placed into my pension annuity."). He alleges that the government violated 5 U.S.C § 8464 by failing to "pay out a deserved pension." ECF No. 14 at 3. Dr. Hasan also cites § 8410 to demonstrate that he

4

qualifies for FERS benefits. *Id.* at 2. Both of the annuity statutes that Dr. Hasan cites are a part of the FERS Act of 1986. 5 U.S.C. §§ 8401-80.

The government argues that this court cannot hear claims regarding government annuities or pensions under FERS because the statute requires government employees to pursue the remedy prescribed in the FERS Act, through the Office of Personnel Management (OPM). ECF No. 10 at 7; ECF No. 15 at 3. Dr. Hasan responds that he is not arguing that OPM miscalculated his pension but instead that the CIA violated his right to receive retirement benefits under FERS by interfering with his paperwork such that his pension did not properly accrue. ECF No. 14 at 3; ECF No. 16 at 3.

This court agrees with the government that Dr. Hasan must bring his claim through the OPM process. This court therefore cannot adjudicate Dr. Hasan's retirement-related claim, and it cannot compel OPM to reinstate his retirement account.

This court's jurisdiction under the Tucker Act can be displaced "when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." *United States v. Bormes*, 568 U.S. 6, 12 (2012). When Congress passed the FERS statute, it created an exclusive remedial scheme that displaced this court's jurisdiction over FERS-related claims. 5 U.S.C. § 8461(c) ("The Office [OPM] shall adjudicate all claims under the provisions of this chapter administered by the Office."); *see also Ogburn v. United States*, No. 2022-2189, 2023 WL 2808066, at *3 (Fed. Cir. Apr. 6, 2023) (affirming dismissal of plaintiff's "claims concerning her FERS payments" because they "must be brought to the [OPM] Board"). This court has recently held that "even if FERS-related statutes and regulations contain money mandating provisions of law, this Court nevertheless lacks jurisdiction over such FERS claims." *Lewis v. United States*, 167 Fed. Cl. 210, 219 (2023) (citing 5 U.S.C. §§ 8401-80 and *McGhee v. United States*, 155 Fed. Cl. 380, 386 (2021)). Because the FERS Act contains its own judicial remedy, it is "the exclusive framework" to address FERS claims that "Congress created under the statute." *Bormes*, 568 U.S. at 13.

If Dr. Hasan wants his FERS retirement account to reflect back-pay compensation, or any other amount, he should make that request to OPM. *See Hahn v. Env't Prot. Agency*, 360 F. App'x 157, 159 (Fed. Cir. 2010) (noting that a plaintiff's request "to make a lump sum payment back to the Federal Employees Retirement System ('FERS') to restore her accrued service" should initially be brought to OPM); *Stekelman v. United States*, 752 F. App'x 1008, 1010 (Fed. Cir. 2018) ("By statute, the authority to decide a FERS application in the first instance and adjudicate all claims arising under that retirement system rests with OPM."). If Dr. Hasan wants to appeal any decision from OPM, the review process goes first to the Merit Systems Protection Board and then to the Federal Circuit. *See* 5 U.S.C. §§ 8461(e)(1), 7703(b)(1). This court cannot hear his FERS claims.

### III. Conclusion

For the reasons given above, this court does not have jurisdiction over Dr. Hasan's claims for back pay or for retirement benefits. His back-pay request is time barred. And if his claim for a government pension is timely, this court still cannot review it, as review of that claim would have to go through the OPM process. This court therefore **grants** the government's motion to dismiss and **dismisses** Dr. Hasan's complaint. The Clerk of the Court shall enter judgment accordingly.
5

**IT IS SO ORDERED.**

                                         <u>s/ Molly R. Silfen</u>
                                         MOLLY R. SILFEN
                                         Judge